IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IDREES MERRITT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 25-1482 (GBW) |
| | ) |
| BRIAN EMIG, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM ORDER

At Wilmington, on this 11th day of February 2026, having reviewed Petitioner Idrees Merritt's Motion Requesting Appointment of Counsel (D.I. 3), Motion Requesting Evidentiary Hearing (D.I. 4), Renewed Motion to Appoint Counsel (D.I. 7), and Motion for Extension of Time to File a Supplemental Brief in Support of his Petition (D.I. 8);

**IT IS HEREBY ORDERED** that:

1. Petitioner's Motion Requesting Appointment of Counsel (D.I. 3) and Renewed Motion to Appoint Counsel (D.I. 7) are **DENIED without prejudice** to renew. A habeas petitioner does not have a constitutional or statutory right to an attorney in a federal habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Roberson*, 194 F.3d 408, 415 n.5 (3d Cir. 1999). Rather, a district court may appoint an attorney to represent a petitioner who demonstrates

"special circumstances indicating the likelihood of substantial prejudice to [the petitioner] resulting . . . from his probable inability without such assistance to present the facts and legal issues to the court in a complex but [arguably] meritorious case." *See Tabron v. Grace*, 6 F.3d 147, 154 (3d Cir. 1993) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *see also* 18 U.S.C. § 3006A(a)(2)(B) (stating district court may provide representation for financially eligible petitioner upon determining that "interests of justice so require"). Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent petitioner include: (1) the merits of the petitioner's claim(s); (2) the petitioner's ability to present his or her case considering his or her education, literacy, prior work and litigation experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the petitioner's ability to pursue such investigation; (5) the petitioner's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56.

In his initial Motion, Petitioner requests counsel on the grounds that if his claims are proven, he is in prison in violation of the Constitution. (D.I. 3) In his Renewed Motion to Appoint, Petitioner alleges: (1) he has never had an evidentiary

hearing; (2) he needs assistance presenting his claims and establishing a factual record; (3) he has a "severe mental illness" and is on medication; and (4) his claims have merit. (D.I. 7) After viewing Petitioner's request in conjunction with his other filings in this case, the Court concludes that the interests of justice do not require representation by counsel at this time. Petitioner's filings demonstrate his ability to articulate his claims and represent himself. Additionally, it does not appear that a factual investigation or expert testimony will be necessary. Nevertheless, the Court is willing to revisit this issue either *sua sponte* or upon proper motion should it subsequently appear that the complexity of the factual issues or the need for additional legal briefing require representation by counsel.

2.    Petitioner's Motion Requesting Evidentiary Hearing (D.I. 4) is **DENIED without prejudice** to renew, as premature. Pursuant to Rule 8 of the Rules Governing § 2254 Cases in the United States District Court, the Court "must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8, Rules Governing § 2254 Cases. Until such materials are filed, the Court is unable to determine whether an evidentiary hearing is warranted.

3.    Petitioner's Motion for Extension of Time to File a Supplemental Brief in Support of his Petition (D.I. 8) is **GRANTED**. Petitioner has until March 19,

2026 to file a Supplemental Brief. Failure to file a Supplemental Brief by that date will result in the case proceeding with the Petition as filed.

                                                     GREGORY B. WILLIAMS
                                                   UNITED STATES DISTRICT JUDGE